FILED IN MY OFFICE
DISTRICT COURT CLERK
6/6/2016 4:01:48 PM
STEPHEN T. PACHECO
Maureen Naranjo

IN THE FIRST JUDICIAL DISTRICT COURT
COUNTY OF RIO ARRIBA
STATE OF NEW MEXICO

D. THOMAS ARCHULETA, Individually,
and as Next Friend to DENISE ARCHULETA, Minor
Child of D. THOMAS ARCHULETA and as Next Friend to
DONALD ARCHULETA, Minor Child of D. THOMAS
ARCHULETA

      Plaintiff,

vs.                    No._____ D-117-CV-2016-00198

                                    Case assigned to Attrep, Jennifer L.

AGENT ERIC MOYA AND
OFFICER JACQUAAN MATHERSON,
in their  individual and official capacities
as NEW MEXICO STATE POLICE AGENT
and OFFICER, NEW MEXICO STATE
POLICE, and NEW MEXICO DEPARTMENT
OF PUBLIC SAFETY,

      Defendants,

## CIVIL COMPLAINT FOR DAMAGES FOR DEPRIVATION OF CIVIL AND CONSTITUTIONAL RIGHTS AND COMMON LAW TORTS

COMES NOW Plaintiff, D. Thomas Archuleta, Individually and as Next Friend to

Denise Archuleta and Donald Archuleta, Minors, by and through their counsel, and states the

following as their Civil Complaint for Damages for Deprivation of Civil and Constitutional

Rights and Common Law Torts against Defendants:

## INTRODUCTION

1.      This Complaint alleges tort claims, federal civil rights and state common law

claims against two New Mexico State Police officers, the New Mexico State Police and the New

Mexico Department of Public Safety.  These claims arise from the deliberate and conscious



violation of Plaintiffs' rights, the failure of Defendants to adequately supervise, train, and oversee the individual police officers who violated Plaintiffs' rights, the improper damage to the Plaintiff D. Thomas Archuleta's personal property, the improper trespassing on D. Thomas Archuleta's private property, the negligent infliction of emotional distress upon the Plaintiffs, the improper seizure and detention of Plaintiff D. Thomas Archuleta, and the failure of the Defendants to follow proper procedures and guidelines related to interactions between the officer and Plaintiffs;

2.     On or about June 9, 2014, Mr. D. Thomas Archuleta and his children, Denise Archuleta and Donald Archuleta (Plaintiffs) were outside of their residence on their private real property inside of their fenced yard off of Rio Arriba County Road # 005 in Rio Arriba County, State of New Mexico;

3.     New Mexico State Police Agent Eric Moya, who was acting in his capacity as a law enforcement officer, was searching for a suspect in an alleged breaking and entering that had happened at another residence near Mr. Archuleta's home;

4.     Agent Moya began a search down Rio Arriba County Road # 005 that took him to the residence of the Plaintiffs;

5.     Agent Moya came upon an unlocked travel trailer next to the fenced yard of Mr. Archuleta. This trailer belonged to Mr. Archuleta, Agent Moya entered into the trailer searching for a suspect. At the time of the entry, Agent Moya did not have permission to enter the trailer;

6.     Agent Moya came upon the closed gate of the Archuletas' fenced yard while searching for a suspect he had not seen and did not know the location of;

7.     The Archuletas' yard, fence and gate had posted no trespassing signs;

2

8.     Plaintiffs and their three dogs were behind the closed gate in their yard when Agent Moya came to the closed gate;

9.     The three dogs were the family pets of the Archuletas;

10.     Agent Moya does not ask permission to enter the Archuleta's property before he began to climb over the gate to get into the fenced yard:

11.     The Archuletas saw Agent Moya attempting to enter their yard and attempted to get all of their dogs away from Agent Moya as he tried to enter their yard without permission;

12.     Mr. Archuleta had taken hold of two of his three dogs but was unable to get to the third dog as Agent Moya attempted to gain entrance to his property without permission;

13.     Mr. Archuleta was attempting to prevent his third dog from getting close to Agent Moya even as Agent Moya was entering into the Archuleta's property;

14.     Mr. Archuleta's third dog attempted to bite at Agent Moya's leg as Agent Moya was entering into the Archuletas' property without permission;

15.     As the dog was trying to bite Agent Moya, Agent Moya pulled his police issued firearm and shot the Archuletas' dog in the head;

16.     At the time of the shooting, Mr. Archuleta and his children were in close proximity to Agent Moya and their dog and the Plaintiffs saw their dog get shot;

17.     After being shot, the dog ran away from Agent Moya;

18.     The Archuleta's were extremely upset by Agent Moya shooting their dog;

19.     Agent Moya then entered Mr. Archuleta's property and seized control of Mr. Archuleta by commanding him to interlock his fingers behind his back and restrict Mr. Archuleta's movement in his own yard;

3

20.    After restraining Mr. Archuleta, Agent Moya then contacted Officer Jacquaan Matherson to deal with Mr. Archuleta;

21.    Officer Matherson continued to restrain Mr. Archuleta's movements after he arrived;

22.    Officer Matherson commanded Mr. Archuleta to obtain his identification and provide it to him;

23.    Mr. Archuleta's identification was located inside of his house;

24.    Officer Matherson demanded that Mr. Archuleta take him inside of his house against Mr. Archuleta's request that Officer Matherson stay outside of his house;

25.    Officer Matherson forced Mr. Archuleta inside of his house to get his identification;

26.    When Officer Matherson forced Mr. Archuleta inside of his house, Officer Matherson did not have a warrant to enter the residence or the permission of Mr. Archuleta to enter the residence;

27.    Officer Matherson and Agent Moya were never granted permission by Mr. Archuleta to enter his fenced yard or his residence;

28.    Agent Moya and Officer Matherson unlawfully restrained and detained Mr. Archuleta through by handcuffing him, their physical actions towards Mr. Archuleta and their verbal commands to Mr. Archuleta during their encounter that began with Agent Moya trespassing upon Mr. Archuleta's land;

4

29.     Agent Moya and Officer Matherson unlawfully seized Mr. Archuleta while they investigated Mr. Archuleta's identity on his own property because Mr. Archuleta was upset that Agent Moya had shot his dog;

30.     Mr. Archuleta and his children were not the subject of a police investigation when this incident occurred;

31.     Agent Moya and Officer Matherson improperly seized Mr. Archuleta because he was upset that Agent Moya had shot his family dog;

32.     Plaintiff's children observed all of the acts and omissions perpetrated against their father and their dog by Agent Moya and Officer Matherson and were traumatized by the Defendants' actions;

33.     After Agent Moya and Officer Matherson left his property, Mr. Archuleta had to comfort his children that had been unnecessarily frightened by Agent Moya shooting their dog and having their father being treated like a suspect in a criminal investigation because he was upset Agent Moya shot the family pet;

34.     Mr. Archuleta had to take the gunshot dog to the veterinarian for treatment;

35.     Mr. Archuleta's dog has had behavioral problems after the incident that led Mr. Archuleta having to give away the gunshot dog;

36.     Mr. Archuleta and his children had to deal with the stress, fright and discomfort they felt after having their dog shot and Mr. Archuleta being mistreated by Agent Moya and Officer Matherson;

37.    As a result of the unlawful trespass onto their property, the shooting of their dog and the unlawful seizure of Mr. Archuleta, the Archuletas' suffered, and continues to suffer, economic damages, emotional injury and distress;

38.    The Defendants were responsible for ensuring that the Plaintiffs' civil rights were honored and maintained, that proper procedures were followed in connection with the State Police personnel's' encounter with the Archuletas, that Plaintiffs' statutory rights were honored, and that the New Mexico State Police Agent and Officer were properly trained and supervised. Instead, Plaintiffs' rights were deliberately and consciously ignored and disregarded;

### PARTIES

39.    Plaintiff D. Thomas Archuleta, Individually and as Next Friend to Denise Archuleta and Donald Archuleta are citizens of the State of New Mexico and now and at all times material hereto have been residents of Rio Arriba County, New Mexico;

40.    Upon information and belief, Defendants Eric Moya and Jacquaan Matherson are full time salaried peace officers employed by the New Mexico State Police;

41.    Upon information and belief, Defendants Eric Moya and Jacquaan Matherson are residents of Rio Arriba County, New Mexico;

42.    Upon information and belief, Defendant New Mexico Department of Public Safety (DPS) is a duly created department of the executive branch of the State of New Mexico and at all times material has its principal place of business in Santa Fe County, New Mexico;

43.    Defendant New Mexico State Police ( NMSP) is a division within Defenand DPS and at all times material hereto has its principal place of business in Santa Fe County, New Mexico;

6

44.     At all times material, Defendants Moya and Matherson were employed as police officers with NMSP, and were acting within the course and scope of their employment with the Defendants NMSP and Defendant DPS. Therefore the Defendants DPS and NMSP are vicariously liable for the acts of Moya and Matherson and the injuries and damages sustained by Plaintiffs;

45.     Defendants DPS and NMSP acted by and through their agents, officers, and employees and are responsible for their acts or omissions through the doctrines of respondeat superior or agency;

## JURISDICTION AND VENUE

46.     This Court has jurisdiction over Plaintiff's claims pursuant to Article VI of the New Mexico Constitution, the New Mexico Tort Claims Act and 42 U.S.C. 1983;

47.     Venue is properly located in this Court pursuant to NMSA 1978 § 38-3-1(A) because Plaintiffs are citizens and residents of Rio Arriba County, State of New Mexico, and because the acts complained of herein occurred in Rio Arriba County, New Mexico;

## BASES FOR CAUSES OF ACTION

48.     42 U.S.C. §1983, New Mexico Tort Claims Act, NMSA 1978, § 41-4-12, the U.S. and New Mexico Constitutions, New Mexico Common Law, and New Mexico statutory law;

## FIRST CAUSE OF ACTION
### (Claims Against Defendants for Negligent Hiring, Training and Supervision)

49.     The contents of paragraphs 1- 48, above, are incorporated hereinto by reference as if set forth in full;

7

50.    Defendants New Mexico State Police and the New Mexico Department of Public Safety had a duty to properly train, supervise, and monitor all sworn peace officers it employs;

51.    Defendants New Mexico State Police and the New Mexico Department of Public Safety had an obligation to conduct a reasonable and adequate applicant screening process, including background investigations, to determine whether Defendants Moya and Matherson were appropriately qualified to work for the New Mexico State Police; assure that Moya and Matherson received appropriate and adequate training; prepare, adopt and inculcate appropriate policies, procedures and protocols regarding peace officers' interaction with the public; and to monitor or discipline employees of the New Mexico State Police in order to assure that Moya and Matherson complied with policies, procedures and protocols;

52.    Defendants New Mexico State Police and the New Mexico Department of Public Safety had a duty to insure that Plaintiffs' rights were not violated by Moya and Matherson;

53.    Defendants New Mexico State Police and the New Mexico Department of Public Safety breached their duty to properly hire, train and supervise Defendants Moya and Matherson. This negligent breach of duty was the direct and proximate cause of Plaintiffs' injuries;

54.    Defendants New Mexico State Police and the New Mexico Department of Public Safety are liable for the tortious acts of under the doctrine of supervisory liability and agency;

## SECOND CAUSE OF ACTION
### (Claims Against Defendants for Trespass under New Mexico Common Law and Statute)

55.    The contents of paragraphs 1-54, above, are incorporated hereinto by reference as if set forth in full;

56.     Plaintiff Archuleta had posted no trespassing signs on his property to keep people from entering onto his property;

57.     Plaintiff Archuleta did not invite Agent Moya or Officer Matherson onto his real property or into his residence;

58.     Agent Moya did not have a legitimate reason to enter onto Plaintiff's property;

59.     Agent Moya did not see anyone on Mr. Archuleta's property other than Mr. Archuleta and his children;

60.     Agent Moya was not in a visible pursuit of anyone when he came upon Mr. Archuleta's fence;

61.     Agent Moya and Officer Matherson trespassed upon Mr. Archuleta's property without Mr. Archuleta's permission and without any legal reason to enter Mr. Archuleta's property;

62.     The actions by Agent Moya and Officer Matherson are a civil violation of Mr. Archuleta's property rights;

63.     Under §§ 30-14-1 and 30-14-1.1, NMSA 1978 (1995), Agent Moya and Officer Matherson's actions would be considered a criminal trespass because neither officer had permission to enter Mr. Archuleta's property;

64.     Under §§ 30-14-1 and 30-14-1.1, NMSA 1978 (1995), Agent Moya and Officer Matherson's actions could be subject to double damages incurred upon Mr. Archuleta's property;

**THIRD CAUSE OF ACTION**
**(Claims against Defendants for Property Damages under the New Mexico Tort Claims Act)**

9

65.    The contents of paragraphs 1- 64, above, are incorporated hereinto by reference as if set forth in full;

66.    Agent Moya's shooting of Mr. Archuleta's dog caused Mr. Archuleta to incur veterinary bills for the treatment of the wound the dog suffered;

67.    Agent Moya's shooting of Mr. Archuleta's dog has caused changes to the dog that has impacted the economic value of the dog;

68.    Agent Moya's shooting of Mr. Archuleta's dog led to Mr. Archuleta having to give away his dog because of behavioral problems with the dog that happened after the shooting;

69.    Plaintiff Archuleta's expectation and right of enjoyment with his dog was impacted by Agent Moya's unjustified shooting of the dog;

70.    The Defendants had a duty and obligation to ensure that Plaintiff's property rights under State law and Federal and State Constitutional rights were honored and respected;

71.    Defendants New Mexico State Police and the New Mexico Department of Public Safety had an obligation to insure that Plaintiff's rights were not violated by Agent Moya and Officer Matherson;

72.    Defendants Moya and Matherson acted with deliberate indifference to Plaintiff's civil and property rights and contrary to law, regulation, and the United States and New Mexico Constitutions;

73.    Defendants New Mexico State Police and the New Mexico Department of Public Safety acted with deliberate indifference to Plaintiff's civil and property rights by not properly supervising Moya and Matherson and insuring that the officers followed the law, regulations of New Mexico and the United States, and the United States and New Mexico Constitutions;

74.     The conduct of Defendants was intentional, unreasonable, reckless, wanton, willful and callously indifferent to Plaintiff's Constitutional and property rights;

75.     The rights in question which Plaintiff alleges were violated by Defendant were clearly established prior to June 9, 2014, and any reasonable, competent police officer similarly situated would have been aware that the conduct of Defendant Moya and Matherson, as described herein, would violate Plaintiff's Constitutional and property rights;

76.     The conduct of the Defendants was a direct and proximate cause of the deprivation of Plaintiff's clearly-established Fourteenth Amendment and/or Fourth Amendment rights and the Plaintiff's right to the enjoyment of his property, which resulted in the injuries to Plaintiff's dog;

77.     Defendants New Mexico State Police and the New Mexico Department of Public Safety are liable for the tortious acts of Moya and Matherson under the doctrine of supervisory liability and agency;

## FOURTH CAUSE OF ACTION
### (Claims Against Defendants for Deprivation of Civil Rights Under 42 U.S.C. § 1983)

78.     The contents of paragraphs 1- 77, above, are incorporated hereinto by reference as if set forth in full;

79.     The Defendants had a duty and obligation to ensure that Plaintiff's Federal and State Constitutional rights were honored and respected;

80.     Plaintiff had the right to be free from unreasonable search and seizure and unlawful detention by Defendant Moya and Matherson;

81. Defendants New Mexico State Police and the New Mexico Department of Public Safety had an obligation to insure that Plaintiff's rights were not violated by Moya and Matherson;

82. Defendants Moya and Matherson acted with deliberate indifference to Plaintiff's civil rights and contrary to law, regulation of the State of New Mexico and the United States, and the United States and New Mexico Constitutions;

83. Defendants New Mexico State Police and the New Mexico Department of Public Safety acted with deliberate indifference to Plaintiff's civil rights by not properly supervising Defendants Moya and Matherson and insuring that the officers followed the law, regulations and statutes of the United States and New Mexico and the United States and New Mexico Constitutions;

84. The Defendants' conduct deprived Plaintiff of his constitutional right to substantive due process under the Fourteenth Amendment to the United States Constitution and his right not to be subjected to unreasonable search and seizure in violation of the Fourth Amendment;

85. The conduct of Defendants was intentional, unreasonable, reckless, wanton, willful and callously indifferent to Plaintiff's Constitutional rights;

86. The rights in question which Plaintiff alleges were violated by Defendant were clearly established prior to June 9, 2014, and any reasonable, competent police officer similarly situated would have been aware that the conduct of Defendants Moya and Matherson, as described herein, would violate Plaintiff's Constitutional rights;

12

87.     The conduct of the Defendants was a direct and proximate cause of the deprivation of Plaintiff's clearly-established Fourteenth Amendment and/or Fourth Amendment rights, which resulted in the injuries to Plaintiff which resulted in the damages described below;

88.     Defendants New Mexico State Police and the New Mexico Department of Public Safety are liable for the tortious acts of Moya and Matherson under the doctrine of supervisory liability and agency;

## FIFTH CAUSE OF ACTION
### (Claims Against Defendants for violations of the Common Law)

89.     The contents of paragraphs 1 - 88, above, are incorporated herein by reference as if set forth in full;

90.     The Defendants Moya and Matherson had a duty to exercise ordinary care to protect Plaintiffs' health, safety and property when they encountered Moya and Matherson;

91.     Defendants New Mexico State Police and the New Mexico Department of Public Safety had a duty to Plaintiffs to exercise the degree of care, skill and learning expected of a reasonably trained and qualified peace officer regarding officers' interaction with a citizen and that citizen's Constitutional rights;

92.     Defendants breached these standards of care by allowing or turning a blind eye to Moya's and Matherson's actions;

93.     Since Moya and Matherson had no reasonable suspicion or probable cause that Plaintiff committed a criminal offense, Moya's and Matherson's physical actions against Plaintiff constituted an unlawful battery;

94.     As no reasonable suspicion or probable cause to detain Mr. Archuleta existed in this case, Moya's and Matherson's detaining, handcuffing, searching and taking of Mr. Archuleta constitutes a false imprisonment and battery;

95.     As there was no reason or permission to enter Plaintiff's property, Defendant Moya and Mathersons entry onto Mr. Archuleta's property including his land, residence and travel trailer were criminal trespasses;

96.     Defendants Moya's and Matherson's conduct against Plaintiff was extreme and outrageous;

97.     Defendants Moya and Matherson acted with intent to cause Plaintiff suffering and/or emotional distress, or with a reckless disregard for Plaintiff's suffering and/or emotional distress;

98.     Plaintiff's mental distress was extreme and severe;

99.     The actions of Moya and Matherson were a direct and proximate cause of the injuries to Plaintiff and his children resulting in his damages as set forth below;

100.    All Defendants are liable for the tortious acts and omissions of others under the doctrine of supervisory liability and agency;

## FIFTH CAUSE OF ACTION
### (Claim Against Defendants for Civil Conspiracy)

101.    The contents of paragraphs 1 through 100, above, are incorporated herein by reference as if set forth in full;

102.    By virtue of the specific acts described above, Defendants Moya and Matherson formulated and carried out a plan to disregard Plaintiff's constitutional rights and to deprive

14

Plaintiff of his right to be free of unjust and unwarranted touching, search, seizure and unlawful detention;

103.    Defendants Moya's and Mathersons's actions constituted a conspiracy to deprive Plaintiff of his rights under the Fourth and Fourteenth Amendments and to engage in tortious conduct;

104.    Defendants New Mexico State Police and the New Mexico Department of Public Safety are liable to plaintiff pursuant to 42 U.S.C. § 1983 for conspiracy to violate the rights specified above. The wrongful conduct of Moya and Matherson could not have occurred without the participation, deliberate indifference, and/or willful blindness of Defendants New Mexico State Police and the New Mexico Department of Public Safety;

105.    The conduct of Defendants Moya and Matherson in furtherance of the conspiracy was a direct and proximate cause of the injuries to Plaintiff resulting in the damages to Plaintiff as set forth below;

106.    Plaintiff endured intense suffering and emotional distress due to Defendants' actions and is entitled to recover damages in an amount to be determined at the trial of this cause;

107.    All Defendants are liable for the tortious acts and omissions of others under the doctrine of supervisory liability and agency;

### FIFTH CAUSE OF ACTION
#### (Against all Defendants for Claims Arising Under the New Mexico Tort Claims Act)

108.    The contents of paragraphs 1 - 107, above, are incorporated herein by reference as if set forth in full;

109.    Due to the above-described acts of the Defendants against Plaintiff, suffered personal injury, mental anguish, and suffering resulting from battery, false imprisonment, property damage and/or the deprivation of rights, privileges or immunity secured by the Constitution and laws of the United States and New Mexico;

110.    Defendants breached their duty to Plaintiff and his children;

111.    Defendants' conduct, described above, was a direct and proximate cause of the deprivation of Plaintiff's and his children's rights, as well as the injuries to Plaintiffs which resulted in their suffering, mental anguish and property damages;

112.    Defendants are liable for the tortious acts and omissions of each other under the doctrine of supervisory liability, agency, and negligence;

## SIXTH CAUSE OF ACTION
### (Punitive Damages)

113.    Plaintiff incorporates herein the paragraphs 1-113 above as if the same were set forth at length;

114.    There are well established principles of Constitutional law related to search and seizure that Defendants Moya and Matherson were required to follow during the encounter with Plaintiff;

115.    Defendants Moya and Matherson knew or should have known of the legal principles related to the trespass, battery, false imprisonment, property damage, illegal search and seizure of Plaintiff, his property and his children's welfare;

116.    Defendant Moya and Matherson failed to follow the established principles of Constitutional law;

16

117.    Defendants Moya and Matherson acted with a deliberate indifference to Plaintiff's and his children treatment during his encounter with the Plaintiff and whether Plaintiff's constitutional rights were honored;

118.    Defendants Moya's and Matherson's actions against Plaintiff were reckless and constituted an utter disregard for Plaintiff's and his children's Constitutional rights;

119.    The Defendants Moya's and Matherson's actions were willful, reckless, and wanton;

120.    The Defendants Moya's and Matherson's conduct was extreme and outrageous;

121.    Defendants Moya and Matherson acted with intent to cause Plaintiff suffering and emotional distress;

122.    At all relevant times, the Defendants Moya and Matherson were acting in the scope of their employment and while under the color of law;

123.    Defendants are liable for the acts and omissions of Moya and Matherson under the doctrines of supervisory liability and agency;

124.    As a result of the reckless acts and deliberate indifference of Defendants Moya and Matherson, Plaintiff and his children suffered property damage, injury, emotional distress, mental anguish, and other damages in an amount to be determined at trial;

## JURY TRIAL

125.    Plaintiff hereby demands a jury trial in connection with this matter;

## DAMAGES

A.    Plaintiff has lost the worth of his liberty while unlawfully detained by Defendants, including his enjoyment of life and liberty;

B.      Plaintiff has lost the worth of his property due to the Defendants' acts and omissions;

C.      Plaintiff and his children suffered damages due to Defendants' acts and omissions, and such damages include hedonic damages for the value of the loss of enjoyment of life, as well as economic damages, mental pain, suffering, anguish, and trauma;

D.      Because the conduct of Defendants involved intentional misconduct, recklessness, gross negligence, willfulness and/or callous indifference, and/or because Defendants' conduct was motivated by malice, evil motive or intent, Plaintiff is entitled to recover a separate award of punitive and exemplary damages against each individual Defendant;

E.      As a result of Defendants acts and omissions, Plaintiff has incurred reasonable legal costs and expenses.

## CONCLUSION

**WHEREFORE**, Plaintiff requests the following relief against Defendants:

A.      Awards of compensatory damages in an amount to be determined at trial;

B.      Awards of punitive damages in an amount to be determined at trial;

C.      An award of pre- and post-judgment interest on any amounts recovered herein;

D.      The costs of action herein, including attorney's fees pursuant to 42 U.S.C. §1988 on Plaintiff's §1983 claims; and

E.      Such other and further relief as the Court may deem appropriate under the circumstances.

Dated: June 6, 2016
Santa Fe, New Mexico

18

**CLARK, JONES & PENNINGTON, LLC.**

/s/ Michael R. Jones
Michael R. Jones
432 Galisteo St.
Santa Fe, NM 87501
(505) 820-1825
(505) 986-0475 (fax)

FILED IN MY OFFICE
DISTRICT COURT CLERK
6/29/2016 9:54:13 AM
STEPHEN T. PACHECO
Victoria Martinez

FILED IN MY OFFICE
DISTRICT COURT CLERK
6/7/2016 9:47:08 AM
STEPHEN T. PACHECO
Corrine Onate

**SUMMONS**

| | |
|---|---|
| FIRST JUDICIAL DISTRICT COURT<br>COUNTY OF RIO ARRIBA<br>PO BOX 2268<br>SANTA FE, NEW MEXICO 87504-2268<br>505-455-8250 | No.   D-0117-CV-2016-00198<br><br>Judge:   HONORABLE JENNIFER L.<br>ATTREP |
| Plaintiff(s):<br>D. THOMAS ARCHULETA, Individually, and as Next Friend to<br>DENISE ARCHULETA, Minor Child of D. THOMAS<br>ARCHULETA and as Next Friend to DONALD ARCHULETA,<br>Minor Child of D. THOMAS ARCHULETA<br><br><br>v.<br><br>Defendant(s):<br>AGENT ERIC MOYA and<br>OFFICER JACQUAAN MATHERSON,<br>In their individual and official capacities as<br>NEW MEXICO STATE POLICE AGENT and<br>OFFICER, NEW MEXICO STATE POLICE, and<br>NEW MEXICO DEPARTMENT OF PUBLIC SAFETY | Defendant<br>NEW MEXICO STATE POLICE<br>PO BOX 1628<br>SANTA FE, NEW MEXICO 87504<br>505-827-3476 |

**TO THE ABOVE NAMED DEFENDANT(S):** Take notice that

1. A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

2. You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 N MRA.) The Court's address is listed above.

3. You must tile (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

6. If you need an interpreter, you must ask for one in writing.

7. You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Santa Fe, New Mexico, this 7th day of June, 2016.

STEPHEN T. PACHECO
CLERK OF COURT
By: *Corinne S Onate*
Deputy CLERK LEADWORKER

/s/ Michael R. Jones
Michael R. Jones
Attorney for Plaintiff's
Clark, Jones, & Pennington, LLC.
432 Galisteo St.
Santa Fe, New Mexico 87501
505-820-1825

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 NMRA OF THE NEW MEXICO
RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

**RETURN**

STATE OF NEW MEXICO     )
                              )ss
COUNTY OF SANTA FE       )

I, _Julian P. Ontiveros_ being duly sworn, on oath, state that I am over the age of eighteen
(18) years and not a party to this lawsuit, and that I served this summons in Santa Fe County on the _9th_
day of June, 2016, by delivering a copy of this summons, with a copy of complaint attached, in the
following manner:

**(check one box and fill in appropriate blanks)**

( )    to the defendant _____ *(used when defendant accepts a copy of summons
and complaint or refuses to accept the summons and complaint)*

( )    to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA *(used when
service is by mail or commercial courier service).*

After attempting to serve the summons and complaint on the defendant by personal service or by
mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint
attached, in the following manner:

( )    to the defendant_____, a person over fifteen (15) years of age and residing at the
usual place of abode of defendant _____, *(used when the defendant is not presently
at place of abode)* and by mailing by first class mail to the defendant at _____
*(insert defendant's last known mailing address)* a copy of the summons and complaint.

( )    to _____, the person apparently in charge at the actual place of business
or employment of the defendant and by mailing by first class mail to the defendant at _____
_____ *(insert defendant's business address)* and by mailing the summons and
complaint by first class mail to the defendant at *(insert defendant's last known mailing address).*

(✓)    to _Donna K. Miles_, an agent authorized to receive service of process for defendant
_NM DPS - State Police Division_

( )    to _____, (parent) (guardian) (custodian) (conservator) (guardian ad litem) of
defendant _____ *(used when defendant is a minor or an incompetent person).*

( )    to _____ *(name of person),* _____, *(title of
person authorized to receive service. Use this alternative when the defendant is a corporation or an association
subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political
subdivision).*

Fees: _____

_____
Signature of person making service

*Private Investigator*
Title *(if any)*

Subscribed and sworn to before me this ___ day of ___, 2016 .

_____            My Commission Expires: 1/7/2019
Judge, notary or other officer
authorized to administer oaths

Official title  *Notary*
_____

### USE NOTE

      1.    Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

      2.    If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order No. 05-8300-001, effective March 1,2005; by Supreme Court Order No. 07-8300-016, effective August 1,2007; as amended by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7,2013; as amended by Supreme Court Order No. 13-8300-022, effective for all cases pending or filed on or after December 31, 2013.]

FILED IN MY OFFICE
DISTRICT COURT CLERK
6/29/2016 9:55:31 AM
STEPHEN T. PACHECO
Victoria Martinez

FILED IN MY OFFICE
DISTRICT COURT CLERK
6/7/2016 8:48:20 AM
STEPHEN T. PACHECO
Corrine Onate

### SUMMONS

| | |
|---|---|
| FIRST JUDICIAL DISTRICT COURT<br>COUNTY OF RIO ARRIBA<br>PO BOX 2268<br>SANTA FE, NEW MEXICO 87504-2268<br>505-455-8250 | No.    D-0117-CV-2016-00198<br><br>Judge:   HONORABLE JENNIFER L.<br>ATTREP |
| Plaintiff(s):<br>D. THOMAS ARCHULETA, Individually, and as Next Friend to<br>DENISE ARCHULETA, Minor Child of D. THOMAS<br>ARCHULETA and as Next Friend to DONALD ARCHULETA,<br>Minor Child of D. THOMAS ARCHULETA<br><br><br>v.<br>Defendant(s):<br>AGENT ERIC MOYA and<br>OFFICER JACQUAAN MATHERSON,<br>In their individual and official capacities as<br>NEW MEXICO STATE POLICE AGENT and<br>OFFICER, NEW MEXICO STATE POLICE, and<br>NEW MEXICO DEPARTMENT OF PUBLIC SAFETY | Defendant<br>NEW MEXICO DEPARTMENT OF<br>PUBLIC SAFETY<br>PO BOX 1628<br>SANTA FE, NEW MEXICO 87504<br>505-827-9282 |

### TO THE ABOVE NAMED DEFENDANT(S): Take notice that

1. A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

2. You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 N MRA.) The Court's address is listed above.

3. You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

6. If you need an interpreter, you must ask for one in writing.

7. You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.


Dated at Santa Fe, New Mexico, this 7th day of June, 2016

STEPHEN T. PACHECO

CLERK OF COURT

By: _Corrine S Onate_
        Deputy CLERK LEADWORKER

/s/ Michael R. Jones
Michael R. Jones
Attorney for Plaintiff's
Clark, Jones, & Pennington, LLC.
432 Galisteo St.
Santa Fe, New Mexico 87501
505-820-1825

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 NMRA OF THE NEW MEXICO
RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

## RETURN

STATE OF NEW MEXICO    )
                            )ss

COUNTY OF SANTA FE     )

I, _Juan P. Ontiveros_ being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in Santa Fe County on the _9th_ day of June, 2016, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

( )    to the defendant _____ *(used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint)*

( )    to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA *(used when service is by mail or commercial courier service).*

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

( )    to the defendant_____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____ , *(used when the defendant is not presently at place of abode)* and by mailing by first class mail to the defendant at _____ *(insert defendant's last known mailing address)* a copy of the summons and complaint.

( )    to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ _____ *(insert defendant's business address)* and by mailing the summons and complaint by first class mail to the defendant at *(insert defendant's last known mailing address).*

(✓)    to _Diana K. Miles_ , an agent authorized to receive service of process for defendant NM DPS

( )    to _____, (parent) (guardian) (custodian) (conservator) (guardian ad litem) of defendant _____ *(used when defendant is a minor or an incompetent person).*

( )    to _____ *(name of person),* _____, *(title of person authorized to receive service.  Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision).*

Fees: _____

_Signature of person making service_

_Private Investigator_
Title *(if any)*

Subscribed and sworn to before me this _9th_ day of _June_, _2016_.

_My Commission Expires: 1/7/2019_

Judge, notary of other officer
authorized to administer oaths

_Notary_
Official title _____

## USE NOTE

     1.     Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

     2.     If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order No. 05-8300-001, effective March 1,2005; by Supreme Court Order No. 07-8300-016, effective August 1,2007; as amended by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7,2013; as amended by Supreme Court Order No. 13-8300-022, effective for all cases pending or filed on or after December 31, 2013.]

DISTRICT COURT CLERK
6/29/2016 9:56:44 AM
STEPHEN T. PACHECO
Victoria Martinez

FILED IN MY OFFICE
DISTRICT COURT CLERK
6/7/2016 9:44:47 AM
STEPHEN T. PACHECO
Corrine Onate

**SUMMONS**

| | |
|---|---|
| FIRST JUDICIAL DISTRICT COURT<br>COUNTY OF RIO ARRIBA<br>PO BOX 2268<br>SANTA FE, NEW MEXICO 87504-2268<br>505-455-8250 | No.    D-0117-CV-2016-00198<br><br>Judge:   HONORABLE JENNIFER L.<br>ATTREP |
| Plaintiff(s):<br>  D. THOMAS ARCHULETA, Individually, and as Next Friend to<br>DENISE ARCHULETA, Minor Child of D. THOMAS<br>ARCHULETA and as Next Friend to DONALD ARCHULETA,<br>Minor Child of D. THOMAS ARCHULETA<br><br>v.<br><br>Defendant(s):<br>AGENT ERIC MOYA and<br>OFFICER JACQUAAN MATHERSON,<br>In their individual and official capacities as<br>NEW MEXICO STATE POLICE AGENT and<br>OFFICER, NEW MEXICO STATE POLICE, and<br>NEW MEXICO DEPARTMENT OF PUBLIC SAFETY | Defendant<br>AGENCT ERIC MOYA<br>c/o NEW MEXICO STATE POLICE<br>1410 N. PASEO DE ONATE<br>ESPANOLA, NM   87532<br>505-753-2277 |

**TO THE ABOVE NAMED DEFENDANT(S):** Take notice that

1.   A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

2.   You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 N MRA.) The Court's address is listed above.

3.   You must tile (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4.   If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5.   You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

6.   If you need an interpreter, you must ask for one in writing.

7.   You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Santa Fe, New Mexico, this 7th day of June, 2016.

STEPHEN T. PACHECO
CLERK OF COURT
By: _Corinne S Onate_
Deputy CLERK LEADWORKER

/s/ Michael R. Jones
Michael R. Jones
Attorney for Plaintiff's
Clark, Jones, & Pennington, LLC.
432 Galisteo St.
Santa Fe, New Mexico 87501
505-820-1825

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 NMRA OF THE NEW MEXICO
RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

## RETURN

STATE OF NEW MEXICO        )
                           )ss
COUNTY OF SANTA FE         )

I, _Juan P. Ontiveros_ being duly sworn, on oath, state that I am over the age of eighteen
(18) years and not a party to this lawsuit, and that I served this summons in Santa Fe County on the _9th_
day of June, 2016, by delivering a copy of this summons, with a copy of complaint attached, in the
following manner:

**(check one box and fill in appropriate blanks)**

(  )   to the defendant _____ *(used when defendant accepts a copy of summons
and complaint or refuses to accept the summons and complaint)*

(  )   to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA *(used when
service is by mail or commercial courier service).*

After attempting to serve the summons and complaint on the defendant by personal service or by
mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint
attached, in the following manner:

(  )   to the defendant_____, a person over fifteen (15) years of age and residing at the
usual place of abode of defendant _____ , *(used when the defendant is not presently
at place of abode)* and by mailing by first class mail to the defendant at _____
*(insert defendant's last known mailing address)* a copy of the summons and complaint.

(  )   to _____, the person apparently in charge at the actual place of business
or employment of the defendant and by mailing by first class mail to the defendant at _____
_____ *(insert defendant's business address)* and by mailing the summons and
complaint by first class mail to the defendant at *(insert defendant's last known mailing address).*

(✓)   to _Donna K. Miles_, an agent authorized to receive service of process for defendant
_Eric Moya_.

(  )   to _____, (parent) (guardian) (custodian) (conservator) (guardian ad litem) of
defendant _____ *(used when defendant is a minor or an incompetent person).*

(  )   to _____ *(name of person),* _____, *(title of
person authorized to receive service.   Use this alternative when the defendant is a corporation or an association
subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political
subdivision).*

Fees: _____

_Helen P. Whitman_
Signature of person making service

_Private Investigator_
Title *(if any)*

Subscribed and sworn to before me this _9th_ day of _June_, _2016_.

_Meriel A. Larramillo_
Judge, notary or other officer
authorized to administer oaths

My Commission Expires: 1/7/2019

_Notary_
Official title _____

### USE NOTE

1.       Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

2.       If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order No. 05-8300-001, effective March 1,2005; by Supreme Court Order No. 07-8300-016, effective August 1,2007; as amended by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7,2013; as amended by Supreme Court Order No. 13-8300-022, effective for all cases pending or filed on or after December 31, 2013.]

FILED IN MY OFFICE
DISTRICT COURT CLERK
6/29/2016 10:00:53 AM
STEPHEN T. PACHECO
Gloria Landin

FILED IN MY OFFICE
DISTRICT COURT CLERK
6/7/2016 8:46:00 AM
STEPHEN T. PACHECO
Corrine Onate

|  |  |
|---|---|
| **SUMMONS** | |
| FIRST JUDICIAL DISTRICT COURT<br>COUNTY OF RIO ARRIBA<br>PO BOX 2268<br>SANTA FE, NEW MEXICO 87504-2268<br>505-455-8250 | No.    D-0117-CV-2016-00198<br><br>Judge:  HONORABLE JENNIFER L.<br>ATTREP |
| Plaintiff(s):<br>  D. THOMAS ARCHULETA, Individually, and as Next Friend to DENISE ARCHULETA, Minor Child of D. THOMAS ARCHULETA and as Next Friend to DONALD ARCHULETA, Minor Child of D. THOMAS ARCHULETA<br><br>   v.<br><br>Defendant(s):<br>AGENT ERIC MOYA and<br>OFFICER JACQUAAN MATHERSON,<br>In their individual and official capacities as<br>NEW MEXICO STATE POLICE AGENT and<br>OFFICER, NEW MEXICO STATE POLICE, and<br>NEW MEXICO DEPARTMENT OF PUBLIC SAFETY | Defendant<br>OFFICER JACQUAAN<br>MATHERSON<br>c/o NEW MEXICO STATE POLICE<br>1410 N. PASEO DE ONATE<br>ESPANOLA, NM  87532<br>505-753-2277 |

**TO THE ABOVE NAMED DEFENDANT(S): Take notice that**

1.    A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

2.    You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 N MRA.) The Court's address is listed above.

3.    You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4.    If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5.    You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

6.    If you need an interpreter, you must ask for one in writing.

7.    You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Santa Fe, New Mexico, this 7th day of June, 2016

STEPHEN T. PACHECO
CLERK OF COURT
By: _Corinne S Onate_
        CLERK LEADWORKER

/s/ Michael R. Jones
Michael R. Jones
Attorney for Plaintiff's
Clark, Jones, & Pennington, LLC.
432 Galisteo St.
Santa Fe, New Mexico 87501
505-820-1825

THI3 SUMMONS IS ISSUED PURSUANT TO RULE 1-004 NMRA OF THE NEW MEXICO
RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

## **RETURN**

STATE OF NEW MEXICO          )
                             )ss
COUNTY OF SANTA FE           )

I, *Juan P. Ontiveros* being duly sworn, on oath, state that I am over the age of eighteen
(18) years and not a party to this lawsuit, and that I served this summons in Santa Fe County on the _____
day of June, 2016,by delivering a copy of this summons, with a copy of complaint attached, in the
following manner:

**(check one box and fill in appropriate blanks)**

(✓)     to the defendant *Jacquaan Matherson* *(when defendant accepts a copy of summons*
*and complaint or refuses to accept the summons and complaint)* *Refused.*

( )     to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA *(used when*
*service is by mail or commercial courier service).*

After attempting to serve the summons and complaint on the defendant by personal service or by
mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint
attached, in the following manner:

( )     to the defendant_____, a person over fifteen (15) years of age and residing at the
usual place of abode of defendant _____ , *(used when the defendant is not presently*
*at place of abode)* and by mailing by first class mail to the defendant at _____
*(insert defendant's last known mailing address)* a copy of the summons and complaint.

( )     to _____, the person apparently in charge at the actual place of business
or employment of the defendant and by mailing by first class mail to the defendant at _____
_____ *(insert defendant's business address)* and by mailing the summons and
complaint by first class mail to the defendant at *(insert defendant's last known mailing address).*

( )     to _____, an agent authorized to receive service of process for defendant
_____.

( )     to _____, (parent) (guardian) (custodian) (conservator) (guardian ad litem) of
defendant_____ *(used when defendant is a minor or an incompetent person).*

( )     to _____, *(name of person),* _____, *(title of*
*person authorized to receive service. Use this alternative when the defendant is a corporation or an association*
*subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political*
*subdivision).*

Fees: _____

_~~Julian J. Chipman~~_
Signature of person making service

_Private Investigator_
Title *(if any)*

Subscribed and sworn to before me this 28th day of June, 2016.

_~~Michelle J. Garramillo~~_
Judge, notary or other officer
authorized to administer oaths   My Commission Expires: 1/7/2019.

Official title _Notary_

### USE NOTE

    1.     Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

    2.     If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order No. 05-8300-001, effective March 1,2005; by Supreme Court Order No. 07-8300-016, effective August 1,2007; as amended by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7,2013; as amended by Supreme Court Order No. 13-8300-022, effective for all cases pending or filed on or after December 31, 2013.]